IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**MAURICE-EDWARD: THOMPSON,**

    **Plaintiff,**

vs.                                                       **CIVIL ACTION NO. 5:24-CV-00541**

**RAY W. TONEY,**
**Assistant Prosecutor,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, filed on October 2, 2024. (ECF No. 1) By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

### The Plaintiff's Allegations

The Plaintiff brings a Section 1983 claim, alleging that the Defendant, an assistant prosecuting attorney for Fayette County, West Virginia, violated the Plaintiff's rights secured by the Constitution, specifically: (1) "Article III Section 2"; (2) "Article IV Section 2"; (3) "Amendment IV"; (4) "Amendment V"; and (5) "Amendment VI." In addition, the Plaintiff alleges

---

[1] Because the Plaintiff is proceeding *pro se*, the documents he filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

1

the Defendant "acted under color of law", indicating the Defendant "filed a frivolous lawsuit" against the Plaintiff for driving without a license – which resulted in proceedings being held in the Oak Hill Municipal Court of Fayette County, West Virginia occurring sometime in May 2024.

The Plaintiff alleges the Defendant was aware of the Plaintiff's rights, but acted with "aggression" by threatening to treat the Plaintiff harshly – the Plaintiff indicates that his girlfriend and the public defender heard the Defendant say "how he was going to treat me and violate my rights." The Plaintiff also alleges that the Defendant had defamed the Plaintiff by calling him a "sovereign citizen" and that "Municipal Judge Wilbur Toney allowed the [Defendant] to sustain/overruled my objections claiming I was a 'driver', 'operator', or in a commercial capacity." The Plaintiff alleges that the Defendant knew the complaint and warrant were void.

The Plaintiff indicates that he was afraid of going near Fayette County because of the "aggressiveness of the officers towards me as well as the Respondent. I had to go to the hospital because of back problems." The Plaintiff seeks an apology from the "Respondent" and that he follow court procedures as well as recognition that "all citizens are not 'sovereign citizens' " as well as $100,000 in monetary damages because of the "aggressiveness of the Respondent and placing the Petitioner 'threat, coercion, and duress.' "

## THE STANDARD

Because the Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an

indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[2], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the

---

[2] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

"courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

**Analysis**

Rule 8 of the Federal Rules of Civil Procedure:

The Plaintiff is required to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Plaintiff's claims do not comply with Rule 8(a) for failing to allege sufficient facts and circumstances showing entitlement to relief. After having liberally reviewed the Plaintiff's allegations, it is clear that he is suing the prosecutor that is involved in prosecuting the Plaintiff's ostensible violation of the State's licensing requirements for motorists.[3] Moreover, the Plaintiff only provides "naked assertion[s]" that the prosecutor violated his civil rights which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[3] Pursuant to W. Va. Code § 17B-2-1.

Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 556.

As noted *supra*, the Plaintiff has generally alleged that the Defendant violated his rights during a prosecution against the Plaintiff for driving without a license when he was stopped by law enforcement. The Plaintiff also provides no factual support for his claim for defamation of character, save for his allegation that the Defendant referred to the Plaintiff as a sovereign citizen.[4] (See ECF No. 2 at 3, ¶3.C.) In any event, the undersigned finds that the Plaintiff's claims against the Defendant are improper and should be dismissed. Additionally, the Plaintiff does not allege any specific facts with respect to the Defendant's alleged "aggressiveness" towards the Plaintiff or how the Defendant placed the Plaintiff under "threat, coercion, and duress", let alone how this Defendant is at all connected to the Plaintiff seeking medical care for his alleged "back problems."

---

[4] To the extent the Plaintiff is claiming that the Defendant defamed his character in violation of a federally protected right, his claim is without merit. See Siegert v. Gilley, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991)("Defamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation."); Paul v. Davis, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165 - 66, 47 L.Ed.2d 405 (1976)(finding that "any harm or injury to [Plaintiff's interest in his reputation], even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law"); Saunders v. Dickerson, 2008 WL 2543428 *2 (E.D. Va. Jun. 25, 2008)(stating that "[p]laintiff's reputation is protected through state tort law, and a mere allegation of damage to one's reputation and character fails to implicate any liberty or property interests protected by the Constitution"); Sterne v. Thompson, 2005 WL 2563179 at *4 (E.D. Va.)("It is well established that a defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment."); Miller v. Jack, 2007 WL 2050409 (N.D.W. Va. Jul. 12, 2007)(finding that "damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege, or immunity secured to him by the Constitution or the laws of the United States").

(Id. at 3, ¶¶4, 5) Thus, because he does not provide any factual support for his claims entitling him to relief, the Plaintiff's Complaint is not salvageable even if he were permitted to amend them in the spirit of Denton v. Hernandez, *supra*.

Younger-Abstention Doctrine:

Based on the Plaintiff's own allegations that these municipal court proceedings started sometime in May 2024, there appears to be some ongoing proceedings involving his license to operate a motor vehicle. Accordingly, this Court should abstain from exercising subject matter jurisdiction over the Plaintiff's claims based upon the Younger-abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). "Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-238 (1984).

The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, (1996). A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar

of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The Younger abstention has been extended to civil litigation brought by the state to vindicate its policies. Huffman v. Pursue, Ltd., 420 U.S. 592, 604–05, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). This includes child-welfare and child-custody proceedings. Moore, 442 U.S. at 423, 99 S.Ct. 2371 (applying Younger to state-initiated custody litigation).

The undersigned finds that the Younger abstention doctrine may apply in the instant case, as there is no indication from the Plaintiff's claims that the State-initiated proceedings have concluded. Despite the Plaintiff's conclusory allegations that the Defendant prosecuting him constitutes harassment, the Plaintiff provides no grounds that support any of the enumerated Nivens exceptions to the Younger mandate: the Plaintiff fails to show improper prosecution against him in State court, or facts supporting a claim for *unreasonable* harassment that comports with the bad faith exception.

It is also notable that the Plaintiff is seeking a species of injunctive or declaratory relief, to the extent that he wants this Court to make the Defendant "apologize in a professional manner and to follow court procedures . . . [and] [t]o recognize all citizens are not 'sovereign citizens.' " (ECF No. 2 at 3, ¶5) Courts have long recognized that such extraordinary remedies may only be used sparingly and in limited circumstances. See, e.g., Sarsour v. Trump, 245 F.Supp.3d 719 (E.D. Va. Mar. 24, 2017). To prevail on such a remedy, the Plaintiff bears the burden to establish that (1) he is likely to succeed on the merits of his case; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in his favor; and (4) an injunction

7

would be in the public interest. See Fed. R. Civ. P. 65. As demonstrated above, this Court can exercise no jurisdiction over the parties and matters indicated in the Plaintiff's Complaint, therefore, this Court is unable to provide injunctive relief in accordance with the Plaintiff's request, particularly given how facially absurd they are. Since there has been no appreciable showing that such an extraordinary remedy would be in the public interest, or that the Plaintiff is likely to suffer any irreparable harm in the absence of same, to the extent these particular prayers for relief can be construed as requests for injunctive relief they must be denied.

Legal Immunities:

Finally, and most importantly, given the Plaintiff's *de minimis* factual allegations against the Defendant, he has failed to state a claim against the Defendant upon which relief can be granted. The Defendant is a prosecutor, and the Plaintiff's allegations solely concern court proceedings. Accordingly, the Defendant is entitled to absolute immunity: prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associated with the judicial phase of the criminal process. Van de Kamp v. Goldstein, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009). In determining whether a prosecutor is entitled to absolute immunity, the Court must apply the "functional approach" examining the nature of the function performed. Id., 555 U.S. at 342, 129 S.Ct. at 861. It is well established that prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128) (1976). Further, absolute immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259,

272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993) (quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996)). A prosecutor acts as an advocate or "officer of the court" when performing tasks, such as (1) initiating a judicial proceeding, (2) presenting evidence in support of a search warrant application, (3) conducting a criminal trial, bond hearing, grand jury proceeding or pre-trial hearing, (4) engaging in "an out-of-court effort to control the presentation of [a] witness' testimony," and (5) making a "professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before the grand jury after a decision to seek an indictment has been made." Buckley, 509 U.S. at 272, 113 S.Ct. at 2615 (quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996); Van de Kamp, 555 U.S. at 434, 129 S.Ct. at 861; Dababnah v. Keller-Burnside, 208 F.3d 467, 471 - 472 (4th Cir. 2000) (stating that "numerous courts have found prosecutors absolutely immune when undertaking [extradition proceedings].")

Furthermore, a prosecutor is entitled to absolute immunity even if he or she "acted with an improper state of mind or improper motive." Shmueli v. City of New York, 424 F.3d 231, 237 (2nd Cir. 2005); also see Smith v. McCarthy, 349 Fed.Appx. 851, 859 (4th Cir. 2009), *cert. denied*, 562 U.S. 829, 131 S.Ct. 81, 178 L.Ed.2d 26 (2010); Brown v. Daniel, 230 F.3d 1351 (4th Cir. 2000) ("[T]o the extent [plaintiff] alleges that the prosecutors engaged in misconduct during the prosecution of this case . . ., the prosecutors are absolutely immune."). Thus, prosecutors are entitled to absolute immunity for withholding materially exculpatory evidence, and knowingly presenting perjured testimony or false or misleading evidence to the Court or grand jury. Burns, 500 U.S. at 490-92, 111 S.Ct., at 1941-42 ("A state prosecuting attorney is absolutely immune from liability for damages under § 1983 for participating in a probable-cause hearing . . . ."); Imbler, 424 U.S. at 422, 96 S.Ct. 984 at 991 (citing Yaselli v. Goff, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927)) (finding prosecutor entitled to absolute immunity for allegations that he "maliciously

9

and without probable cause procured plaintiff's grand jury indictment by the willful introduction of false and misleading evidence."); also see Brown v. Daniel, 230 F.3d at 1352; Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996); Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994), cert. denied, 513 U.S. 1150, 115 S.Ct. 1101, 130 L.Ed2d 1068 (1995). Although prosecutors may be entitled to absolute immunity, prosecutors are subject to criminal and professional sanctions for prosecutorial abuses. Imbler, 424 U.S. at 429, 96 S.Ct. at 994; Malley v. Briggs, 475 U.S. 335, 343, n. 5, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). It is well recognized that "[a]bsolute prosecutorial immunity 'is not grounded in any special esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.' " Dababnah, 208 F.3d at 471 (quoting Kalina v. Fletcher, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997)). The Imbler Court determined the importance of protecting the integrity of the prosecutor's office and the judicial system outweighs the desire to afford civil redress to a wronged defendant. Imbler, 424 U.S. at 427 - 429, 96 S.Ct. at 993 - 994.

A prosecutor, however, is not entitled to absolute immunity for "investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley, 509 U.S. at 273, 113 S.Ct. at 2615 (citing Burns, 500 U.S. at 491, 11 S.Ct. at 1941-42). Thus, a prosecutor is only entitled to qualified immunity for administrative actions or investigative functions not related to trial preparation, such as holding a press conference, engaging in investigative activity prior to the establishment of probable cause to arrest, providing police officers with legal advice during the investigative phase, or acting as a complaining witness in support of a warrant application. Id.; also see Van de Kamp, 555 U.S. at 342 - 343, 129 S.Ct. at 861. The Supreme Court has explained as follows:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's

10

>role in searching for clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other. Thus, if a prosecutor plans and executes a raid on a suspected weapons cache, he "has no greater claim to complete immunity than activities of police officers allegedly acting under his direction."

Buckley, 509 U.S. at 273, 113 S.Ct. at 2616 (internal citations omitted). Thus, a prosecutor does not have absolute immunity for a claim that he or she fabricated evidence during the preliminary investigation of an unsolved crime. Id., 509 U.S. at 275, 113 S.Ct. at 2616 - 2617.

In the instant case, the Plaintiff only complains the Defendant violated his constitutional rights due to his involvement in the prosecution of Plaintiff's criminal case. To that extent, the Defendant would be entitled to absolute prosecutorial immunity from Plaintiff's Section 1983 claims concerning any decision he made concerning the prosecution of Plaintiff's State charges pursuant to Imbler. Even assuming *arguendo* that the Defendant acted outside of his prosecutorial functions, he would be entitled to qualified immunity. In sum, the Plaintiff's claims against the Defendant simply do not rise to the level of any constitutional violation, because he fails to allege any factual support for his claims that would survive scrutiny under the Iqbal and Twombly heightened pleading standard, *supra*. Thus, the Plaintiff's claim against the Defendant should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** the Plaintiff's Complaint (ECF No. 2) with prejudice and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: October 4, 2024.



Omar J. Aboulhosn
United States Magistrate Judge