UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MAURICE-EDWARD: THOMPSON,

    Plaintiff,

v.                                                        CIVIL ACTION NO. 5:24-cv-00541

RAY W. TONEY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Maurice-Edward: Thompson's Application to Proceed Without Prepayment of Fees and Costs, filed on October 2, 2024. [Doc. 1].

**I.**

Mr. Thompson instituted this action on October 2, 2024, pursuant to 42 U.S.C. § 1983. [Doc. 2]. The case was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 3]. Magistrate Judge Aboulhosn filed his PF&R on October 4, 2024. [Doc. 4]. Magistrate Judge Aboulhosn recommended that the Court deny the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs [Doc. 1], dismiss the Plaintiff's Complaint [Doc. 2] with prejudice and remove this matter from the Court's docket. [Doc. 4]. Objections were due on October 18, 2024. Mr. Thompson filed his objection on October 15, 2024. [Doc. 5].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Thompson asserts in his complaint that Mr. Toney violated his Constitutional rights, namely: (1) "Article III Section 2"; (2) "Article IV Section 2"; (3) "Amendment IV"; (4) "Amendment V"; and (5) "Amendment VI." [Doc. 2]. He then further provided his allegation that Mr. Toney was acting "under the color of law" and that he acted in a frivolous manner when he filed an action against Mr. Thompson for driving without a license. [*Id.*].

After an exhaustive review, Magistrate Judge Aboulhosn provided in his PF&R that even when liberally construing Mr. Thompson's request and complaint, (1) the claims did not comply with *Federal Rule of Civil Procedure Rule* 8 and thus, failed to allege sufficient facts and circumstances, and (2) "it is clear that he is suing the prosecutor that is involved in prosecuting the Plaintiff's ostensible violation of the State's licensing requirements for motorists." [Doc. 4 at 4].

Moreover, Magistrate Judge Aboulhosn expressed that "[b]ased on the Plaintiff's own allegations that these municipal court proceedings started sometime in May 2024, there appears to be some ongoing proceedings involving his license to operate a motor vehicle." [*Id*. at 6]. Considering this, Magistrate Judge Aboulhosn stated that pursuant to the *Younger*-abstention doctrine the Court "should abstain from exercising subject matter jurisdiction over the Plaintiff's claims." [*Id*.; referencing *Younger v. Harris*, 401 U.S. 37 (1971)]. Regarding the injunctive or declaratory relief Mr. Thompson seeks, such as apologies and following court procedures, Magistrate Judge Aboulhosn noted that there was "no appreciable showing that such an extraordinary remedy would be in the public interest, or that the Plaintiff is likely to suffer any irreparable harm in the absence of same, to the extent these particular prayers for relief can be construed as requests for injunctive relief they must be denied." [*Id*. at 8]. Most notably, Magistrate Judge Aboulhosn highlighted the nature of Mr. Toney being a prosecutor, as a result, he was protected by absolute immunity. [*Id*.]. Magistrate Judge Aboulhosn properly found that even *arguendo* if Mr. Toney "acted outside of his prosecutorial functions, he would be entitled to qualified immunity." [*Id*. at 11].

      Mr. Thompson's objection revived his original complaint that Mr. Toney "would not follow court procedures and continued with a frivolous suit knowing the falsification of the officer's complaint as well as the frivolous 'warrant.'" [Doc. 5]. Mr. Thompson asserts that dismissal is "unjust" and cites a variety of case law. Attached to his objection was a single page sheet -- that notably does not seem to be the entirety of the document -- entitled "evidence" and "Demand for Judicial Notice of Rule Nisi in a Nisi Prius Court." [*Id*. at 4]. Considering the attachment -- even if he might possibly overcome the *Younger*-abstention concern that Magistrate Judge Aboulhosn raised -- he yet fails to comply with *Federal Rule of Civil Procedure* 8 by offering any suitable factual support that would survive the mandated scrutiny under *Iqbal* and

*Twombly*. In sum, the complaint, and the lack of merit provided in the objection, does not bridge the necessary gap needed to allow the claims to proceed.

Inasmuch as Magistrate Judge Aboulhosn gave accurate and thorough consideration to the arguments, the Court **DENIES** Mr. Thompson's objections.

### III.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 4**], **DENIES** Plaintiff's Motion to Proceed without Payment of Fees or Costs [**Doc. 1**], and **DISMISSES** the Complaint [**Doc. 2**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTERED: December 6, 2024

Frank W. Volk
Chief United States District Judge